IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40865
Summary Calendar
_____

WILLIAM LEE,

                                        Plaintiff-Appellant,

versus

JEFFREY MILES, Lt., ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:96-CV-190
- - - - - - - - - -
November 20, 1997

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    William Lee, Texas inmate #721936, appeals the dismissal as frivolous of his civil rights complaint.  We have carefully reviewed the record and the appellate arguments.  For essentially the same reasons upon which the district court relied, see Lee v. Miles, No. 5:96cv190 (E.D. Tex. Aug. 14, 1996), we conclude that the district court did not abuse its discretion by dismissing the complaint as frivolous.  See Denton v. Hernandez, 504 U.S. 25, 33 (1992).  We also conclude that the district court did not err by denying Lee's motion to supplement the complaint.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

All pending motions are DENIED.

The affirmance of the district court's dismissal as frivolous makes that court's dismissal Lee's third strike pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); see also Lee v. Garner, No. 96-40668 (5th Cir. Dec. 11, 1996) (unpublished; strikes one and two from this court's dismissal as frivolous of appeal from a district court's dismissal as frivolous of a civil rights complaint).  A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Lee from proceeding further in forma pauperis (IFP).  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

AFFIRMED.  DENY MOTIONS.  BAR PURSUANT TO § 1915(g) NOTED.